*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1315**

Randal V. Johnson, et al.,
Respondents,

vs.

Robert A. Fischer,
Appellant,

County of Sibley,
Respondent.

**Filed May 2, 2016
Affirmed
Hooten, Judge**

Sibley County District Court
File No. 72-CV-14-4

Roger H. Hippert, Nierengarten & Hippert, Ltd., New Ulm, Minnesota (for respondents Johnson, et al.)

Kenneth R. White, Law Office of Kenneth R. White, P.C., Mankato, Minnesota (for appellant)

David E. Schauer, Sibley County Attorney, Winthrop, Minnesota (for respondent county)

        Considered and decided by Larkin, Presiding Judge; Hooten, Judge; and Kalitowski, Judge.*

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HOOTEN**, Judge

In this appeal of a boundary dispute between farmers, appellant argues that the district court erred in determining that respondents established ownership of a portion of his land by adverse possession and by concluding that he did not meet his burden of establishing adverse possession over a portion of respondents' land. We affirm.

**FACTS**

Respondent Delores A. Johnson owns two adjacent parcels of farmland in fee simple, one of which is a 40-acre parcel. Delores Johnson owns the parcels subject to contracts for deed held by her son, respondent Randal V. Johnson, and his wife, respondent Pamela L. Johnson. The neighboring farmland to the west and north is owned by appellant Robert A. Fischer. The Johnsons and Fischer use their respective land for crop farming.

In January 2014, the Johnsons asked the district court to determine that they had acquired title to certain tracts of property through adverse possession and boundary by practical location and asked the district court to determine the boundary line between their land and Fischer's land. According to the parties' deeds, some of the tracts of property that the Johnsons claimed ownership of through adverse possession, including the tracts in dispute on this appeal, belonged to Fischer. In a counterclaim, Fischer claimed ownership of two tracts of the Johnsons' land by adverse possession and boundary by practical location and asked the district court to determine the boundary line between his land and the Johnsons' land. In deciding the parties' claims, the district court numbered the five disputed tracts for clarity and determined, among other things, that the Johnsons had

established adverse possession by clear and convincing evidence over Tracts 3 and 4, but that Fischer had not met his burden of proof of establishing adverse possession of any portion of the Johnsons' land. Fischer moved for amended findings or a new trial. The district court denied the motion for a new trial, but amended two findings in order to further clarify and support its determinations regarding Tract 4. On appeal, Fischer challenges only the district court's determinations with regard to the Johnsons' adverse possession claims to Tracts 3 and 4 of his land and the district court's denial of one of his claims of adverse possession of the Johnsons' land.

## DECISION

The party seeking to establish adverse possession must show by clear and convincing evidence "that the property has been used in an actual, open, continuous, exclusive, and hostile manner for 15 years." *Rogers v. Moore*, 603 N.W.2d 650, 657 (Minn. 1999); *see* Minn. Stat. § 541.02 (2014). Whether the elements of adverse possession have been established is a question of fact. *Ganje v. Schuler*, 659 N.W.2d 261, 266 (Minn. App. 2003). We uphold a district court's findings of fact unless they are clearly erroneous and give due regard "to the opportunity of the [district] court to judge the credibility of the witnesses." *Rogers*, 603 N.W.2d at 656 (quotation omitted). In reviewing the district court's findings, "we view the record in the light most favorable to the judgment of the district court." *Id.* A finding of fact is clearly erroneous "only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Id.* (quotations omitted). "But whether the findings of fact support a district court's conclusions of law

3

and judgment is a question of law, which we review de novo." *Ebenhoh v. Hodgman*, 642 N.W.2d 104, 108 (Minn. App. 2002).

**The Johnsons' Claim Regarding Tract 3**

Fischer's land is located to the west and north of the Johnsons' land and is bordered on the west by Clear Lake County Park. There is a county ditch from Clear Lake that runs slightly north of the southern border of the western part of Fischer's land, but then turns sharply to the south onto the Johnsons' land and then continues east. At trial, Randal Johnson described the county ditch as 35 to 40 feet wide and approximately five to seven feet deep and stated that it gets deeper as it continues east.

Tract 3, which was described by the district court as a "roughly 50 x 120" foot rectangular shaped area of land, is bordered on the north by Fisher's land, on the west by the county ditch running south through the Johnsons' land, on the east by a large cottonwood tree located at a point on the deeded line even with the county ditch if it had continued running east instead of turning southward, and on the south by the Johnsons' land. According to the parties' deeds, Tract 3 belonged to Fischer, but the Johnsons claimed ownership of the tract by adverse possession. The district court concluded that the Johnsons had established adverse possession over Tract 3 by clear and convincing evidence.

Fischer challenges the district court's determination that the Johnsons established ownership of Tract 3 by adverse possession. At trial, Randal Johnson testified that, since the mid-1960s, his family had continuously and exclusively farmed Tract 3. Pamela Johnson testified that she knew her husband and his father had farmed Tract 3 since

4

approximately 1986. The district court found that aerial photographs of Tract 3 that were taken in 2004, 2006, 2009, and 2010 "show that the farmland in [Tract 3] is part of the same farming operation as the Johnsons' 40-acre parcel immediately to the east." In addition, the district court received into evidence a number of Farm Service Agency (FSA) aerial photographs of Tract 3 that were taken as early as 1950. The district court found that one of these photographs, which was taken in 1971, seemed to show that Fischer was not farming Tract 3 and that the other photographs, while not definitive, were not inconsistent with the Johnsons farming Tract 3. The district court found that the photographs "were supplemented through testimony by the [Johnsons] that they farmed the land in [Tract 3] for as long as they can remember, and longer than the required 15 consecutive years to establish adverse possession." Based upon this evidence, the district court concluded that the Johnsons "established more than the necessary 15 years of actual, open, hostile, continuous and exclusive occupancy of [Tract 3]" and that the Johnsons had established adverse possession of Tract 3 by clear and convincing evidence.

In support of his contention that the district court erred in finding adverse possession, Fischer argues that the district court's findings with regard to Tract 3 were inadequate because the district court merely recounted the testimony of the witnesses without commenting on their credibility. Fischer is correct that the district court did not specifically comment on the credibility of the witnesses, including the Johnsons. But, the district court, after noting the testimony of the parties and their witnesses regarding their disputed claims, specifically found that the Johnsons had "met their burden to shown adverse possession" and were "entitled to the land and [Tract 3] based on their acquisition

5

by adverse possession." In doing so, the district court implicitly found the Johnsons' testimony regarding their adverse possession of Tract 3 to be credible. *See Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009) (noting that the district court's findings "implicitly indicate[d]" that it found certain testimony credible).

Fischer also argues that the record shows that the Johnsons' use of Tract 3 was not exclusive. Specifically, he claims, consistent with his testimony at trial, disputing the Johnsons' adverse possession claim, that he would back his farm equipment into Tract 3. The district court found that while it was possible that Fischer backed into Tract 3 with his farm equipment, there was no evidence that Fischer had planted his crops in Tract 3. Even if this court were to agree that Fischer's testimony indicated that he planted in the tract, the district court credited the Johnsons' testimony regarding their exclusive use of Tract 3. Furthermore, while the district court seemed to interpret Fischer's testimony as indicating that he backed equipment into Tract 3, it found that this claimed entry onto the property would have been too insignificant to defeat the Johnsons' claim of adverse possession. Fischer challenges this finding, arguing that if he backed into Tract 3 in any year, it would break the adverse possession time period and preclude the Johnsons' ownership of the parcel by adverse possession. But, "brief and insubstantial entries" onto the disputed property are not enough to defeat a claim of adverse possession. *See Ebenhoh*, 642 N.W.2d at 109 (concluding that owner's brief entries into disputed area to straighten a creek and assist adverse possession claimant with his farming operation were insufficient to defeat claim of adverse possession). Although Fisher's testimony is not clear regarding how often he would back his equipment into Tract 3, he indicated that he would back in with a digger

6

or planter and that how far he backed into the tract varied from year to year depending on who had started planting first. Because the record shows that Fischer's backing into Tract 3 was only occasional and insubstantial, the district court's finding that Fischer's use of the land did not defeat the Johnsons' claim of adverse possession was not clearly erroneous.

Finally, Fischer argues that the district court's determination that the Johnsons established adverse possession is inconsistent with FSA aerial photographs, which he contends show that the Johnsons did not farm Tract 3. The district court found, contrary to Fischer's contentions, that "there is no physical evidence or photographs clearly showing . . . Fischer's crops lying in [Tract 3]." In fact, the district court found that one of the FSA photographs "seems to show that Fischer was farming land on a line consistent with the extension of the line of the ditch to the cottonwood tree," which was consistent with the Johnsons' testimony that they, and not Fischer, farmed south of that line. In rejecting Fischer's claim that the FSA drawings on the photographs were indicative of his ownership and possession of Tract 3, the district court noted that these FSA photographs contain a disclaimer, which states that the drawings on the photographs were not meant to be dispositive of actual ownership. Rather than accepting these FSA photographs as determinative of the issue of whether there was adverse possession, the district court appears to have been persuaded by the evidence of other aerial photographs of Tract 3, which had been taken in 2004, 2006, 2009, and 2010, and which "clearly show[ed]" that Tract 3 was "part of the same farming operation as the Johnsons' 40-acre parcel immediately to the east." In light of our deference to the district court's credibility determinations and ability to weigh the evidence, *Thorson v. Comm'r of Pub. Safety*, 519

7

N.W.2d 490, 493 (Minn. App. 1994), we conclude that the district court did not err in rejecting Fischer's arguments regarding the FSA photographs and in finding that other aerial photographs supported the Johnsons' adverse possession claim to Tract 3.

**The Johnsons' Claim Regarding Tract 4**

Tract 4 is a narrow triangle of land running the length of the northern border of the Johnsons' 40-acre parcel, which is bordered to the north by Fischer's land. In claiming ownership of Tract 4, the Johnsons argued that the northwest corner of their parcel should be an iron post located 18.5 feet north of the deeded corner, connected by a straight line to the deeded northeast corner of their parcel. The district court concluded that the Johnsons had established adverse possession over Tract 4 by clear and convincing evidence.

Fischer challenges the district court's conclusion that the Johnsons established ownership of Tract 4 by adverse possession. Although Fischer testified that he had always farmed further south than the iron post, Randal Johnson testified that he had always farmed up to the iron post in the northwest corner. Pamela Johnson also testified that she remembered using posts as the northwest corner of the parcel dating back to the early or mid-1990s. The district court credited the Johnsons' testimony. The district court also found that the aerial photographs from 2004, 2009, and 2010 confirmed that the Johnsons' crops were planted on a line that runs at a slight diagonal from the northeast corner of the Johnsons' parcel to the iron post located north of the parcel's northwest corner. Based upon these photographs and the Johnsons' credible testimony, the district court determined that the parties consistently farmed on their respective sides of the line extending from the iron post in the northwest corner to the deeded northeast corner. We defer to the district

8

court's credibility determinations. *Rogers*, 603 N.W.2d at 656. Given the district court's acceptance of the Johnsons' testimony regarding their farming practices, the district court did not err in determining that the Johnsons established ownership by adverse possession over Tract 4.

**Fischer's Counterclaim Regarding Tract 4**

Fischer asserted a counterclaim regarding the opposite end of Tract 4, seeking to establish ownership by adverse possession over a portion of the Johnsons' land by moving the northeast corner of the Johnsons' 40-acre parcel 8.1 feet south of the deeded corner. Fischer contended that the boundary of the Johnsons' parcel should line up with the property line of the parcel of land across a county road to the east. Randal Johnson testified that, until 2011 or 2012, Fischer had never planted his crops south of the surveyed corner. The district court credited Randal Johnson's testimony and denied Fischer's counterclaim.

Fischer appeals from the district court's denial of his adverse possession claim regarding the northeastern corner of the Johnsons' parcel. Fischer claims that the parties agreed that the property line should be at the middle of the field approach that connects the parties' land to the adjacent county road and that therefore the undisputed evidence requires that the middle of the field approach be deemed the northeast corner of the Johnsons' parcel. Randal Johnson testified that the boundary line between his and Fischer's property at the northeast corner of his property was "always" in the center of the field approach that connected the parties' fields to the adjacent county road. Fischer testified that he "was always told to farm to the Sportsman's 40 line," the northern border of the tract of land located directly to the east across the county road from the Johnsons' parcel. Fischer

contends that his testimony regarding the northeast corner is consistent with Randal Johnson's and that, therefore, the undisputed evidence establishes that the parties used the center of the field approach as the dividing line for more than 15 years. Fischer impliedly argues that the center of the field approach is south of the deeded northeast corner of the Johnsons' parcel.

However, Fischer points to no evidence in the record showing that the center of the field approach is south of the deeded corner. Furthermore, Randal Johnson testified that Fischer planted south of the surveyed northeast corner for the first time in 2011 or 2012, and the district court credited this testimony. Because the record does not support Fischer's contention that the "undisputed evidence" shows that the parties had used a point south of the deeded northeast corner as the corner for over 15 years, the district court properly determined that Fischer failed to establish adverse possession over any part of the Johnsons' 40-acre parcel.

**Affirmed.**